Lambden *v.* Hill.

not so, then he was not bound to take them, but might rescind the contract, for he was certainly not bound to accept such of them as were not merchantable at the price promised to be paid for them.

The counsel for the plaintiff replied that the contract was in general terms, as to which the only proof was the statement made by the defendant, that he had bought them of the plaintiff, consisting of eighteen hundred and eighty, at forty cents each, because there was quite a large number of them, but there was nothing said by him for what purpose he had bought them, and there was no further proof as to the terms of the contract between them.

*The Court,* Comegys, C. J., charged the jury, that the contract according to the evidence was for the purchase of a lot of railroad cross-ties, eighteen hundred and eighty in number, at forty cents each, from the plaintiff by the defendant, and if they had then been made, and the defendant had then seen them, or had specially contracted to buy that particular lot of cross-ties at the price stipulated, he was bound to accept them and to pay that price for them when they were tendered to him at the place agreed on. But if they were not then made, or were not then capable of being seen and examined by him, he was not bound to accept them, or any part of them, unless they were standard and merchantable ties, worth that price in the market at the time the contract was entered into.

*Moore* for plaintiff.
*Cullen* for defendant.

---

MARY A. C. DAWSON *v.* MEDFORD L. WATSON and ANOTHER.

Although a husband and wife live together on premises rented by the husband, her goods and chattels cannot be distrained for the rent of them after the expiration of the tenancy and the removal of the goods from the demised premises.

Dawson *v.* Watson and Another.

THIS was a case stated. The plaintiff, Mary A. C. Watson, was a married woman, living with her husband in premises rented by him from Medford L. Watson, the defendant, but she owned and had on the premises during the tenancy certain personal property which she held in her own right, and which had been removed from them before the defendant distrained on them for the rent, when she brought this action of replevin in her own name to recover the goods, and the question submitted was whether she was entitled to recover in the action?

*Robinson* for the plaintiff. The landlord in this case had no right since the enactment of the statute of April 9, 1873, for the benefit of married women, to distrain upon the property of the plaintiff, a married woman, for rent due from her husband after the expiration of the tenancy and after the removal of such property from the demised premises. The act referred to, chap. 120, § 23, Rev. Code, 710, relieves the property, real and personal, of married women from liability for their husband's debts, and expressly declares it their sole and separate property, is a remedial statute and as such is to receive a liberal construction. Coverdal *v.* Gorman, 4 Houst., 624; New *v.* Pile, 2 Houst., 9. But the act has not deprived the husband of his right and authority to select a residence for both himself and his wife, nor has it relieved him of his duty and obligation to support her. 2 Bishop on Married Women, §§ 156, 157. So far as the landlord of the premises in the case was concerned the separate goods and chattels of the wife, were therefore the same as those of an entire stranger to the husband, and under the statute were not liable to his distress for the rent after their removal from the premises. Taylor's Landlord and Tenant, §§ 576, 577; Postman *v.* Havill, 25 E. C. L., 369; Thorton *v.* Adams, M. & S., 38; Coles *v.* Maynard, 11 Hill, 447; Frisby *v.* Thayer, 25, Wend., 396; Adams *v* Lacomb, 1 Dall., 440.

The counsel for the defendant submitted the case without argument.

*The Court* gave judgment for the plaintiff.

